# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KURT SHOTKO, | : | CIVIL NO. 1:CV-09-1027 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| LUZERNE COUNTY ADULT | : | |
| PROBATION OFFICE, | : | |
| Respondent | | |

## MEMORANDUM

On June 1, 2009, Kurt Shotko ("Shotko") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Named as Respondent is the Luzerne County Adult Probation Office. Along with the petition, Shotko submits a motion to proceed in forma pauperis in this matter. (Doc. No. 2.) In the petition, Shotko challenges his Luzerne County, Pennsylvania conviction on two (2) counts of Disorderly Conduct. (Doc. No. 1.) The motion to proceed in forma pauperis will be granted for the sole purpose of filing this petition. However, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction as Shotko is not "in custody" as a consequence of the conviction he challenges at the time he filed the instant habeas petition as required by 28 U.S.C. § 2254.

## I. Allegations in the Petition

In the petition, Shotko challenges his conviction on two (2) counts of Disorderly Conduct by the Luzerne County Court of Common Pleas on January 17, 2007. As a result of his conviction, he was sentenced on February 2, 2007, to a term of six (6) months probation on both counts, to run concurrently. He filed a direct appeal to the Pennsylvania Superior Court on February 26, 2007, which affirmed his judgment of sentence with respect to these counts. Commonwealth v. Shotko, 344 MDA 2007 (Pa. Super. Aug. 22, 2008). A petition for allowance

of appeal filed with the Pennsylvania Supreme Court was subsequently denied. <u>Commonwealth v. Shotko</u>, 630 MAL 2008 (Pa. March 20, 2009).

Shotko files the instant petition which raises the following grounds: (1) sufficiency of the evidence to support the conviction; (2) activity is protected by Constitutional right to free speech; and (3) violation of constitutional rights by convicted felons who run the Luzerne County court system. (Doc. No. 1, Pet. at 6-9.) In this action Shotko has also filed a motion for preliminary injunction (Doc. No. 4) with a supporting Memorandum (Doc. NO. 5) and a copy of a civil rights complaint he seeks to pursue against the City of Wilkes-Barre and various Wilkes-Barre government officials (Doc. No. 5).

## II. Discussion

On April 22, 2009, Shotko filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court raising the exact grounds as in the instant petition. See <u>Shotko v. Luzerne County Adult Probation Office</u>, No. 1:09-cv-0756 (M.D. Pa.). On May 26, 2009, the Court issued a Memorandum and Order dismissing said petition without prejudice for lack of jurisdiction. <u>Id</u>. at Doc. No. 3. Specifically, the Court found that because Petitioner was not "in custody in violation of the Constitution or laws or treaties of the United States," as required by 28 U.S.C. § 2254(a), that the Court lacked jurisdiction to consider his habeas corpus petition. A thorough discussion of the "custody" requirement is set forth in the Court's Memorandum and Order of May 26, 2009, and will not be repeated herein.

In the earlier habeas action, the Court found that Shotko suffered no present restraint resulting from his imposed six (6) month probationary period in that he failed to appear at the Luzerne County Adult Probation Office to begin service of the sentence of probation, and that a

warrant has been issued for his arrest. Further, the telephone number at his last known address had been disconnected, and he had not been located at his last known address. Based on the foregoing, it was clear that Shotko was not in custody for purposes of invoking federal habeas jurisdiction to challenge the conviction and sentence being attacked when he filed his petition.

Circumstances have not changed since the dismissal of Petitioner's previous habeas action. In fact, Shotko has notified the Court that he is "homeless" and will have to personally retrieve any orders issued in his case directly from the Clerk's Office. While Shotko submits a short brief in support of this petition arguing that he feels like he is in "custody" while he is currently walking the streets because he can be picked up at any time pursuant to the warrant for arrest, this argument is surely unconvincing. "Custody is the passport to federal habeas corpus jurisdiction. Without custody, there is no detention." United States ex rel. Dessus v. Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971). At the present time, Shotko's exact whereabouts are unknown. Accordingly, there is no federal habeas jurisdiction, and the instant petition will be dismissed as required by 28 U.S.C. § 2254. The dismissal is without prejudice to Shotko to refile a new habeas corpus petition at such time the custodial requirement is achieved. Moreover, there is no basis for issuance of a certificate of appealability. An appropriate order follows.[1]

---

[1] In this action Shotko submits a copy of a civil rights complaint pursuant to 42 U.S.C. § 1983 wherein he names as Defendants the city of Wilkes-Barre, Pennsylvania, and other Wilkes-Barre government officials. In the action, he seeks declaratory, injunctive and monetary relief related to his underlying conviction. It is unclear whether Shotko merely intends the complaint to serve as an exhibit to his motion for preliminary injunction, or whether he seeks to pursue a civil rights complaint. To the extent he seeks to file a complaint, he must do so by commencing a new action in this Court. With this said, the Court passes no judgment at this time as to the ultimate success of any such civil rights action Shotko may choose to pursue.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KURT SHOTKO, | : | CIVIL NO. 1:CV-09-1027 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| LUZERNE COUNTY ADULT | : | |
| PROBATION OFFICE, | : | |
| Respondent | | |

## ORDER

**AND NOW**, this 16th day of June, 2009, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The motion to proceed in forma pauperis (Doc. No. 2) is **granted** for the sole purpose of filing the instant petition.

2. The petition is **dismissed without prejudice** for lack of jurisdiction pursuant to 28 U.S.C. § 2254.

3. The motion for preliminary injunction (Doc. No. 4) is **denied as moot**.

4. A certificate of appealability is **denied**.

5. The Clerk of Court is directed to **close this case**.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania